HAWTHORNE, Justice
(concurring in part and dissenting in part).
The judgment of the lower court dismissed plaintiff Dowling’s suit, the effect of which was to leave O’Hara as the Democratic nominee for the office of district attorney of Orleans Parish. I am in complete and full accord with the decree of the Supreme Court insofar as it annuls and sets aside this judgment. I am of this view because appellant Dowling has established to my satisfaction that in the conducting of the election gross irregularities occurred which, under the facts of this case, deprived the electors of the opportunity to freely express their will.
The facts of this case disclose that at the primary election over 91,000 votes were cast. By the final tabulation of the votes O’Hara received a majority of only nine votes, and was accordingly declared the nominee. It is proven beyond any question, however, that in the Third Precinct of the Second Ward 17 illegal votes were cast, a greater number than the total of O’Hara’s majority. Accordingly these 17 votes must be disregarded and not included in the final tabulation of all votes cast for both candidates. That the total of these votes should be deducted from the total of all votes cast is clear, but the perplexing question is: From which candidate’s total votes should they be deducted? This question must be answered before the court .can determine which candidate received a majority and is therefore entitled to the nomination.
*103 Appellant Dowling contends that he has established and proven that the illegal votes were cast for O’Hara and must be deducted or substracted from O’Hara’s total vote, after which he, Dowling, would have a majority and would be entitled to the nomination. To prove that these votes were cast for O’Hara he relies on circumstantial evidence.
That such a fact can be established by circumstantial evidence is recognized by the opinions of the courts of our sister states, but circumstantial evidence to prove this fact must be of such a nature as to exclude with a fair amount of certainty every other reasonable hypothesis. The fact that the commissioners at the precinct here involved were- wearing O’Hara badges and were affiliated with the political faction supporting him was not, in my opinion, a sufficient circumstance to prove that the illegal votes were cast for O’Hara and to exclude with a fair amount of certainty every other reasonable hypothesis.
For this reason I think this court should order the second primary election annulled and set aside and another primary election held so that the will of the majority of the people can be determined. See Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292.